UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROSS RIVER BANK, d/b/a LEAD SOURCE,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>FIRST DATA MERCHANT SERVICES LLC,<br><br>　　　　　　　　　Defendant. | Civil Action No. 2:23-cv-08377<br><br>**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |

DEFENDANT FIRST DATA MERCHANT SERVICES LLC ("First Data" or "Defendant"), by its attorneys Foley & Lardner LLP, answers the Complaint of Plaintiff Cross River Bank, d/b/a Lead Source ("Cross River" or "Plaintiff") as follows:

## NATURE OF THE ACTION

1. The allegations set forth in paragraph 1 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in paragraph 1 of the Complaint.

2. Defendant denies the allegations set forth in paragraph 2 of the Complaint, except admits that First Data is a global fintech and payments company that provides its customers with financial technology services, such as payments processing.

3. Defendant admits only that it entered into a Referral Solutions Agreement with Plaintiff in 2018 (the "Agreement"). Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint, and on that basis denies the same.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

5. Defendant denies the allegations set forth in paragraph 5 of the Complaint. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

6. Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7. Defendant denies the allegations set forth in paragraph 7 of the Complaint.

8. Defendant denies the allegations of paragraph 8 of the Complaint except Defendant admits that, on May 1, 2023, Defendant sent Plaintiff a letter asserting that Plaintiff was in breach of the Agreement (the "May 1 Letter") and invoked its contractual right to terminate the Agreement. Defendant further states that the May 1 Letter speaks for itself and refers to the May 1 Letter for its contents.

9. Defendant denies the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies the allegations in paragraph 10 of the Complaint, except admits that on August 18, 2023, Plaintiff sent Defendant a letter (the "August 18 Letter"). Defendant further states that the August 18 Letter speaks for itself and refers to the August 18 Letter for its content.

11. Defendant admits only that it sent Plaintiff a letter dated September 11, 2023 (the "September 11 Letter"). Defendant denies all other allegations in paragraph 11, and further states that the September 11 Letter speaks for itself and refers to the September 11 Letter for its contents.

12. Defendant states that the last sentence in paragraph 12 of the Complaint is a rhetorical question which does not allege any fact and to which no response is required. To the extent that a response is required, Defendant denies both the last sentence of paragraph 12 of the Complaint and all the remaining allegations set forth in paragraph 12 of the Complaint. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

13. Defendant denies the allegations set forth in paragraph 13 of the Complaint. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

14. Defendant admits the allegations set forth in paragraph 14 of the Complaint except denies Plaintiff's attempted implied characterization of the "good cause" termination provision of the Agreement by Plaintiff's use of the word "somehow." Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

15. Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant admits only that Plaintiff sent Defendant a letter dated September 21, 2023 (the "September 21 Letter"). Defendant further states that the September 21 Letter speaks for itself and refers to the September 21 Letter for its contents. Defendant denies the remaining allegations in paragraph 16 of the Complaint, except that Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's so-called recognition of Defendant's "gambit," and on that basis denies the same.

17. Defendant admits only that Plaintiff requested certain payments and information from Defendant in the September 21 Letter. Defendant further states that the September 21 Letter speaks for itself and refers to the September 21 Letter for its contents. Defendant denies the remaining allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in paragraph 18 of the Complaint.

19. Defendant admits only that Plaintiff sent Defendant a letter on October 10, 2023 (the "October 10 Letter"). Defendant further states that the October 10 Letter speaks for itself and refers to the October 10 Letter for its contents. Defendant denies the remaining allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of what Plaintiff seeks through this lawsuit, and on that basis denies the same. Defendant denies the remaining allegations set forth in paragraph 21 of the Complaint. Defendant further states that the Complaint speaks for itself and refers to the Complaint for its contents.

22. Defendant denies the allegations set forth in paragraph 22 of the Complaint. Defendant further states that the Complaint speaks for itself and refers to the Complaint for its contents.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth regarding Plaintiff's alleged damages, and on that basis denies the same. Defendant denies the remaining allegations in paragraph 23 of the Complaint.

## THE PARTIES

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and on that basis denies the same.

25. Defendant denies the allegations set forth in paragraph 25 of the Complaint except that its principal address is 2900 Westside Parkway, Alpharetta, GA 30004.

## JURISDICTION

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents. Answering further, Defendant states that this Court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## VENUE

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents. Answering further, Defendant states that this Court is a proper venue.

## FACTUAL BACKGROUND

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint, and on that basis denies the same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, and on that basis denies the same.

30. Defendant admits it entered into the Referral Solutions Agreement dated April 27, 2018, but denies the remaining allegations set forth in paragraph 30 of the Complaint. Defendant further states that Agreement speaks for itself and refers to the Agreement for its contents.

31. Defendant denies that the Agreement describes the Parties' respective obligations "in detail." Defendant admits the allegations set forth in paragraph 31 of the Complaint to the extent the quoted language appears in the Agreement and denies the remaining allegations.

Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

32. Defendant admits the allegations set forth in paragraph 32 of the Complaint to the extent the quoted language appears in the Agreement and denies the remaining allegations. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

33. Defendant admits the allegations set forth in paragraph 33 of the Complaint to the extent the quoted language appears in the Agreement and denies the remaining allegations. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

34. Defendant admits the allegations set forth in paragraph 34 of the Complaint to the extent the quoted language appears in the Agreement and denies the remaining allegations. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

35. Defendant admits the allegations set forth in paragraph 35 of the Complaint to the extent the quoted language appears in the Agreement and denies the remaining allegations. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

36. Defendant admits the allegations set forth in paragraph 36 of the Complaint to the extent the quoted language appears in the Agreement and denies the remaining allegations. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

37. Defendant admits the allegations set forth in paragraph 37 of the Complaint to the extent the quoted language appears in the Agreement and denies the remaining allegations. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint. Defendant further states that the May 1 Letter speaks for itself and refers to the May 1 Letter for its contents.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint. Defendant further states that the May 1 Letter speaks for itself and refers to the May 1 Letter for its contents.

41. Defendant denies the allegations set forth in paragraph 41 of the Complaint except admits that it received the August 18 Letter. Defendant further states that the August 18 Letter speaks for itself and refers to the August 18 Letter for its contents.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint. Defendant further states that the September 11 Letter speaks for itself and refers to the September 11 Letter for its contents.

43. Defendant denies the allegations set forth in paragraph 43 of the Complaint except admits that it sent the September 11 Letter to Plaintiff. Defendant further states that the September 11 Letter speaks for itself and refers to the September 11 Letter for its contents.

44. Defendant denies the allegations set forth in paragraph 44 of the Complaint, except admits that it received the September 21 Letter. Defendant further states that the September 21 Letter speaks for itself and refers to the September 21 Letter for its contents.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint, except admits that it received the September 21 Letter. Defendant further states that the September 21 Letter speaks for itself and refers to the September 21 Letter for its contents.

46. Defendant admits only that the quoted language set forth in paragraph 46 of the Complaint appears in the September 21 Letter. Defendant otherwise denies the substance of the allegations set forth in paragraph 46 of the Complaint. Defendant further states that the September 21 Letter speaks for itself and refers to the September 21 Letter for its contents.

47. Defendant denies the allegations set forth in paragraph 47 of the Complaint. Defendant further states that the Agreement speaks for itself and refers to the Agreement for its contents.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint. Defendant further states that the May 1 and September 21 Letters speak for themselves and refers to the May 1 and September 21 Letters for their contents.

49. Defendant denies the allegations set forth in paragraph 49 of the Complaint. Defendant further states that the September 11 Letter and the Amendment speak for themselves and refers to the September 11 Letter and the Amendment for their contents.

50. Defendant denies the allegations set forth in paragraph 50 of the Complaint. Defendant further states that the May 1 Letter speaks for itself and refers to the May 1 Letter for its contents.

51. Defendant denies the allegations set forth in paragraph 51 of the Complaint. Defendant further states that the September 11 and September 21 Letters speak for themselves and refers to the September 11 and September 21 Letters for their contents.

52. Defendant admits only that the quoted language set forth in paragraph 52 of the Complaint is found in the September 11 Letter. Defendant otherwise denies the substance of the allegations set forth in paragraph 52 of the Complaint. Defendant further states that the September 21 Letter speaks for itself and refers to the September 21 Letter for its contents.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant admits only that it received the October 10 Letter. Defendant otherwise denies the substance of the allegations set forth in paragraph 54 of the Complaint. Defendant further states that Plaintiff's October 10 Letter speaks for itself and refers to Plaintiff's October 10 Letter for its contents.

55. Defendant admits only that it sent Plaintiff a response letter on October 10, 2023 ("Defendant's October 10 Letter"). Defendant denies the remaining allegations set forth in paragraph 55 of the Complaint. Defendant further states that Plaintiff's and Defendant's October 10 Letters speak for themselves and refers to Plaintiff's and Defendant's October 10 Letters for their contents.

56. Defendant denies the allegations set forth in paragraph 56 of the Complaint. Defendant further states that Defendant's October 10 Letter speaks for itself and refers to Defendant's October 10 Letter for its contents.

57. The allegations set forth in paragraph 57 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 57 of the Complaint.

58. The allegations set forth in paragraph 58 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 58 of the Complaint.

**COUNT 1 – DECLARATORY JUDGMENT PURSUAN TO CPLR § 3001**

59. Defendant repeats and incorporates by reference each and every response in each and every aforementioned paragraph as if fully set forth herein.

60. The allegations set forth in paragraph 60 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

61. The allegations set forth in paragraph 61 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

62. The allegations set forth in paragraph 62 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations of paragraph 62 of the Complaint.

63. The allegations set forth in paragraph 63 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the substance of the allegations set forth in paragraph 63 of the Complaint.

64. The allegations set forth in paragraph 64 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the substance of the allegations set forth in paragraph 64 of the Complaint.

65. The allegations set forth in paragraph 65 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the substance of the allegations set forth in paragraph 65 of the Complaint.

66. The allegations set forth in paragraph 66 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the substance of the allegations set forth in paragraph 66 of the Complaint.

67. The allegations set forth in paragraph 67 of the Complaint state legal conclusions and requests for relief to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 67 of the Complaint.

68. The allegations set forth in paragraph 68 of the Complaint state legal conclusions and requests for relief to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 68 of the Complaint.

69. The allegations set forth in paragraph 69 of the Complaint state legal conclusions and requests for relief to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 69 of the Complaint.

## COUNT II – BREACH OF CONTRACT

70. Defendant repeats and incorporates by reference each and every response in each and every aforementioned paragraph as if fully set forth herein.

71. The allegations set forth in paragraph 71 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant admits only that the Parties had a valid and enforceable contract. Defendant denies that the Agreement currently is in force or otherwise enforceable against Defendant.

72. The allegations set forth in paragraph 72 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 72 of the Complaint.

73. The allegations set forth in paragraph 73 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 73 of the Complaint.

74. The allegations set forth in paragraph 74 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 74 of the Complaint.

75. The allegations set forth in paragraph 75 of the Complaint state legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 75 of the Complaint.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof or persuasion otherwise resting on Plaintiff, for its affirmative defenses, Defendant hereby alleges as follows:

## FIRST AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

The Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff's claims are barred because it materially breached its obligations pursuant to the Agreement.

## THIRD AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any actual injury or damages caused by Defendant or for which Defendant is liable.

## FOURTH AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff's claims are barred because they seek to impose obligations that go beyond the obligations set forth in the Agreement.

### FIFTH AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff is barred from recovering any alleged damages because it failed to mitigate its alleged damages.

### SIXTH AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff's claims are barred because Plaintiff's alleged damages, if any, were caused by Plaintiff's own actions or omissions.

### SEVENTH AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff's claims are barred, in whole or in part, by the doctrines of unjust enrichment and unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff's claims are barred, in whole or in part, for lack of consideration.

### NINTH AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff's claims are barred, in whole or in part, because its interpretation of the Agreement would render the contract illusory.

### TENTH AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff's claims are barred, in whole or in part, based on Plaintiff's breach of the implied duty of good faith and fair dealing.

### ELEVENTH AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### TWELFTH AFFIRMATIVE DEFENSE TO ALL COUNTS OF THE COMPLAINT

Plaintiff's claims are barred, in whole or in part, by waiver.

WHEREFORE, Defendant prays that this Court:

A. Enter judgment dismissing the Complaint, and each purported Count alleged therein, with prejudice, and denying all relief therein sought;

B. Enter an Order awarding Defendant its costs and disbursements herein, including attorneys' fees, together with such other and further relief as this Court deems just, proper and equitable.

Dated:  December 18, 2023

/s/ *Anne B. Sekel*
Anne B. Sekel
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016-1314
Telephone:  (212) 338-3417
Facsimile:  (212) 687-2329
E-mail:  asekel@foley.com

*Attorneys for Defendant First Data Merchant Services LLC*